# EXHIBIT "A"

2022CV00734

e-Filed 4/8/2022 3:12 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROSALIND A. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; TERRELL DAVIS; INGLES MARKETS, INCORPORATED; JOHN DOE; ABC CORP.; and XYZ INC.<br><br>    Defendants. | CIVIL ACTION FILE<br>NO.: 2022CV00734 |

### COMPLAINT FOR DAMAGES

COMES NOW **ROSALIND A. TAYLOR** (hereinafter "Plaintiff") and files this Complaint against Defendants, showing this Honorable Court as follows:

### JURISDICTIONAL STATEMENT

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Travelers Property Casualty Company of America (hereinafter "Defendant Travelers") is a foreign insurance company organized under the laws of the State of Connecticut. Defendant Travelers provided liability insurance to the vehicle involved in the subject collision, which is owned by Ingles Markets, Incorporated. Said Defendant was transacting business in Clayton County, Georgia at all times material hereto. Accordingly, Defendant Travelers is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140, O.C.G.A. § 33-4-1, and other

applicable Georgia law. Defendant Travelers may be served with Second Original Summons and Complaint through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

3.

Defendant Terrell Davis (hereinafter "Defendant Davis") is an individual resident and citizen of North Carolina and may be served by Second Original Summons and Complaint at 1333 Lentini Drive, Waynesville, Haywood County, North Carolina, 28785-8339. Alternatively, Defendant Davis may waive service, which is being provided to him with a copy of this Complaint.

4.

Defendant Davis is subject to the venue and jurisdiction of this Court under O.C.G.A. § 9-10-93.

5.

Defendant Ingles Markets, Incorporated (hereinafter "Defendant Ingles") is a foreign for-profit corporation existing under the laws of the State of North Carolina with its principal place of business in North Carolina. Defendant Ingles is authorized to do business in Georgia, making it subject to venue pursuant to O.C.G.A. § 40-1-112(c). Ingles may be served by Second Original Summons and Complaint through its registered agent for service of process in Georgia, to-wit: Allan R. Ramsay, 38 Falls Road, Toccoa, Stephens County, Georgia, 30577.

6.

This Honorable Court has personal jurisdiction over all Defendants herein.

7.

Venue is proper in Clayton County State Court as to Defendants.

2022CV00734

## COUNT I – NEGLIGENCE OF DEFENDANT DAVIS

8.

Plaintiff Taylor hereby adopts, alleges, and incorporates by reference paragraphs 1 through 7 set forth above as though fully set forth herein.

9.

This suit arises out of a collision between two motor vehicles that occurred on Saturday, September 12, 2020, at approximately 11:30 PM on Interstate 75 South near Mile Marker 236 (hereinafter referred to as the "subject collision").

10.

At the time of the subject collision, Plaintiff Taylor was the driver of a 2014 Nissan Altima traveling southbound on Interstate 75 in the far-right lane.

11.

At the time of the subject collision, Defendant Davis was driving a 2019 124 Series Fiat tractor trailer southbound at the intersection of Interstate 75 and mile marker 236.

12.

Defendant Davis, apparently realizing that he was about to pass the exit he intended to take, abruptly changed lanes, striking Plaintiff Taylor's vehicle on the driver's side, and violently dragging Plaintiff Taylor, her minor children, and her vehicle down the roadway.

13.

Plaintiff Taylor was seriously injured and traumatized by the subject collision.

14.

Defendant Davis failed to exercise ordinary care in the operation of his vehicle, resulting in the subject incident.

15.

At all material times, Plaintiff Taylor acted in a non-negligent fashion, exercised due care, and acted in a reasonable and prudent manner.

16.

Plaintiff Taylor had no opportunity to avoid the violent collision caused by Defendant Davis.

17.

Plaintiff Taylor had no opportunity to avoid the consequences of the negligence of Defendant Davis.

18.

Defendant Davis owed a duty to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention at all times to avoid driver distraction; to drive the speed limit; to maintain his lane; to properly change lanes if so required; to properly control his vehicle; and to take proper evasive action when necessary.

19.

Defendant Davis breached his duties and was, therefore, negligent.

20.

The subject collision was directly and proximately caused by Defendant Davis' negligence for failing to maintain a proper lookout; for failing to pay attention at all times to avoid driver distraction and failing to maintain his lane.

2022CV00734

## COUNT II – VICARIOUS LIABILITY OF DEFENDANT INGLES

21.

Plaintiff Taylor hereby adopts, alleges, and incorporates by reference paragraphs 1 through 20 set forth above as though fully set forth herein.

22.

At the time of the subject incident, Defendant Davis was an agent and/or employee of Defendant Ingles.

23.

At the time of the subject incident, Defendant Davis was acting in the course and scope of his employment and/or agency with Defendant Ingles and in the furtherance of the business of Defendant Ingles.

24.

Defendant Ingles is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Davis under the doctrine of *respondeat superior*, actual agency, apparent agency, and/or lease liability.

25.

By virtue of imputed liability, Defendant Ingles is liable to Plaintiff Taylor for all damages allowed under the law as set forth more fully in the Damages section below.

26.

The negligence of Defendant Davis and Defendant Ingles is the proximate cause of the subject incident, which caused injury to Plaintiff Taylor, and said Defendants are jointly and severally liable as a matter of law.

27.

As an employer, Defendant Ingles had certain duties and responsibilities under Georgia law, third-party passenger standards and practices and its own corporate policies, standards and practices regarding the hiring, qualifying, training, entrusting, supervising, and retention of Defendant Davis; and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles and those of its employees, contractors, and agents.

28.

Defendant Ingles was independently negligent in failing to meet its duties and responsibilities regarding hiring, qualifying, training, entrusting, supervising, and training Defendant Davis; and otherwise establishing and implementing appropriate management controls and systems for safe operation of its vehicles.

## COUNT III – DIRECT ACTION AGAINST TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA

29.

Plaintiff Taylor hereby adopts, alleges, and incorporates by reference paragraphs 1 through 28 set forth above as though fully set forth herein.

30.

Defendant Travelers is subject to direct action as the insurer for Defendant Ingles' vehicle pursuant to O.C.G.A. § 40-2-140.

31.

Defendant Travelers was the insurer of Defendant Ingles' vehicle at the time of the subject collision and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

2022CV00734

32.

Defendant Travelers and Defendant Ingles are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

33.

Defendant Travelers agreed to provide insurance coverage to Defendant Ingles in consideration for the price of insurance premiums.

34.

As a member of the public injured due to a common carrier's negligence, Plaintiff Taylor is a third-party beneficiary to that agreement. Pursuant to O.C.G.A. § 46-7-12, Defendant Travelers is subject to this direct action.

35.

Defendant Travelers is responsible for any judgment rendered against Defendants Davis and Ingles.

## **COUNT IV - DAMAGES**

36.

Plaintiff Taylor hereby adopts, alleges, and incorporates by reference paragraphs 1 through 35 set forth above as though fully set forth herein.

37.

Plaintiff Taylor was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

38.

Plaintiff Taylor will continue to have physical injuries and will experience physical and emotional pain and suffering as a direct and proximate result of the subject incident.

39.

Plaintiff Taylor will continue to require medical treatment in the future as a direct and proximate result of the subject incident.

40.

Plaintiff Taylor has experienced and will continue to experience great pain and suffering as a direct and proximate result of the subject incident.

41.

Plaintiff Taylor has incurred lost earnings and future earning capacity as a direct and proximate result of the subject incident

42.

Plaintiff Taylor has incurred at least $52,551.26 in medical expenses as a direct and proximate result of the subject incident from the following providers:

| | Provider | Amount |
|---|---|---|
| a) | ProHealth Spinal & Rehab | $ 5,668.00 |
| b) | Peachtree Orthopedics | $ 745.00 |
| c) | Georgia Interventional Medicine | $ 23,731.00 |
| d) | Barbour Orthopaedics and Sports Medicine | $ 21,694.15 |
| e) | Barbour Orthopaedics and Sports Medicine (Prescriptions) | $ 713.11 |

43.

Plaintiff Taylor will incur future medical expenses as a direct and proximate result of the subject incident.

44.

Plaintiff Taylor is entitled to an award of general damages from all Defendants.

2022CV00734

45.

Plaintiff Taylor is entitled to an award of special damages from all Defendants.

46.

Plaintiff Taylor's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence and negligence per se of Defendant Davis.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

**WHEREFORE**, Plaintiff Taylor prays:

a. That Summons issue requiring the above-named Defendants to answer each allegation of this Complaint within the time provided by law;

b. That Plaintiff Taylor have judgment against the above-named Defendants in such amount to compensate Plaintiff TAYLOR for Plaintiff Taylor's past, present and future injuries and damages resulting from subject incident and Plaintiff Taylor's special damages;

c. That all costs be cast against the above-named Defendants; and,

d. For such other relief as this Court deems just and proper.

Respectfully submitted this 8 April 2022.

**LAMAR LAW OFFICE, LLC**

P.O. Box 2558  
Tucker, GA 30085

Telephone: (678) 819-5200  
Facsimile: (678) 819-5276  
Email: anita@atlantalegalcare.com  
Email: sshea@atlantalegalcare.com

*/s/ Stephen A. Shea*  
Anita M. Lamar  
Georgia Bar No. 892383  
Stephen A. Shea  
Georgia Bar No. 102908  
*Counsel for Plaintiff*